AVERY COMPANY, Appellant, vs. MILWAUKEE ELECTRIC
RAILWAY & LIGHT COMPANY, Respondent.

*May 10—June 6, 1922.*

*Street railways: Collision at street intersections: Negligence of
automobile driver.*

. In an action for damages to plaintiff's truck caused by a collision
   with defendant's street car, wherein the complaint alleged a
   failure to comply with the customary practice of defendant in
   stopping its cars before crossing intersecting streets, the in-
   structions and evidence applicable to the question as to the
   negligence of the plaintiff's truck driver are reviewed and
   judgment dismissing the complaint is affirmed.

APPEAL from a judgment of the circuit court for Milwau-
kee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed.*

Collision between a truck of the plaintiff and a street car
of the defendant. 'Action for. damages. Case tried in the
civil court of Milwaukee county, and submitted·on a special
verdict. The jury found: (1) Want of ordinary care on
the part of the defendant proximately causing collision.
(2) Want of ordinary care on the part of plaintiff proxi-
mately contributing to the collision. Damages $1,200.

The trial court granted a new trial because of errors in
its charge. The defendant appealed from the order grant-
ing a new trial to the circuit court. That court reversed
the order of the trial court and ordered the complaint dis-
missed on the merits. From the judgment of the circuit
court the plaintiff appeals.

.The complaint grounds plaintiff's cause of action in the
allegation that it was the customary practice to stop the
street car before crossing at the intersecting highways.

The jury having found contributory negligence on the
part of the plaintiff's truck driver, the plaintiff assigns as
error that the court misdirected the jury on the question
submitted. The question was in the following form:

"Was there any failure on the part of the plaintiff's driver to exercise ordinary care in the operation of his truck which proximately contributed to produce said collision?"

The question was answered "Yes." On this question the court instructed the jury as follows:

"As to this question you are instructed that the burden of proof is upon the defendant street railway company. It was also the duty of plaintiff's driver to exercise care in the operation of its truck while attempting to cross the defendant's street-car tracks in advance of the street car which he knew was approaching. Due care in approaching a railway track can only be satisfied by the full use of the senses of sight and hearing at the last moment of opportunity before passing the line between safety and peril.

"A person desiring to cross a street-car track in advance of an approaching car has the right of way if, calculating reasonably from the standpoint of a person of ordinary care and intelligence so circumstanced, he has sufficient time, proceeding reasonably, to clear the track without interfering with the movement of the car to and past the point of crossing, assuming that it is moving at a reasonable and lawful rate of speed. If a person, exercising his judgment as indicated, attempts to cross the track, and it turns out that he has miscalculated, he cannot be held guilty of a breach of duty to exercise ordinary care. If, in the circumstances stated, other than the speed of the car, the car is approaching at an unlawful rate of speed, and it is observable by the person about to cross the track, by the exercise of ordinary care, he must take that into consideration in determining whether there is time to safely clear the track, the duty to exercise ordinary care for his own protection not being excused by the fault of anybody else.

"Also, in connection with this question, you will consider whether or not there was present or absent the sign with the word 'Stop' thereon suspended from the guy wire immediately east of the intersection where this collision occurred, as a direction to the defendant's motorman to bring his car to a stop before crossing the street upon which plaintiff's truck was being operated. You will also consider the fact as to whether or not the defendant's cars

approaching this intersection from the east customarily stopped immediately east of Fifty-first avenue upon which plaintiff's truck was being operated before crossing such highway.

"Travelers in approaching a highway do not act with mathematical precision and are held to no higher degree of care than that exercised by the great mass of mankind under the same or similar circumstances. While the plaintiff's truck driver in this case might not rely upon the fact, if it existed, that west-bound cars customarily stopped east of Fifty-first avenue before attempting to cross such street as an absolute assurance of safety, and proceed without regard to his own safety, still such custom on the part of the defendant's servants in stopping their cars, if such custom existed, is nevertheless a factor to be considered in determining whether or not the plaintiff's truck driver was at the time in the exercise of ordinary care.

"In determining upon your answer to this question, you will consider all the facts and circumstances as they have been made to appear upon this trial showing the manner and the speed with which the plaintiff's truck and the defendant's street car approached the point of collision and the observation which plaintiff's driver made to ascertain the movement of defendant's street car. If, in the light of all the evidence and the instructions I have given you, you find and believe that the plaintiff's truck driver failed to exercise ordinary care in the operation of his truck and that his failure so to do proximately contributed to produce the collision, you will then answer this question 'Yes.' On the other hand, if you find and believe that the plaintiff's driver did exercise ordinary care in the operation of his truck you will then answer this question 'No.'"

*Rodger M. Trump* of Milwaukee, for the appellant.

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *W. T. Sullivan,* all of Milwaukee.

CROWNHART, J. We have set out in full the instruction of the trial court to the jury on the question of the negligence of the plaintiff's truck driver. As applicable to the

question submitted the charge seems to be full and complete and to correctly state the law. The answer of the jury to the question is sustained by credible evidence. The order of the circuit court is therefore correct.

There were exceptions to other portions of the charge which, standing alone, might be objectionable. But taking the charge on the specific question in issue, it correctly stated the law, and we think the jury could not have been misled by portions of the charge directed to other questions submitted.

*By the Court.*—The judgment of the circuit court is affirmed.